FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

2007 JUL 20  P 3: 24

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>     Plaintiff,<br><br>     v.<br><br>BRANCH 4798 NATIONAL ASSOCIATION<br>OF LETTER CARRIERS,<br>SERVE: Robert Jones<br>     Jerry Seybold<br>     or Current President<br>     Branch 4798 National Assoc.<br>       of Letter Carriers<br>     P.O. Box 562<br>     Springfield, Va., 22150-0562<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)CIVIL ACTION NO. 1:07cv708<br>)        TSE/TCB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

## NATURE OF THE ACTION

1.   This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-83 (the "Act"), for a judgment declaring that the December 5, 2006 election of union officers conducted by Branch 4798, National Association of Letter Carriers ("Defendant"), for the offices of President, Vice President, Recording Secretary, Treasurer, three Trustees, Health Benefits Officer, and Sergeant-at-Arms is void, and directing the Defendant to conduct a new election for these offices under the Plaintiffs

- 2 -

supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 29 U.S.C. § 482(b).

3.   Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

## PARTIES

4.   Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action pursuant to section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.   Defendant is an unincorporated association with its office located in the County of Fairfax, Virginia, within the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

6.   Defendant is, and at all times relevant to this action has been, a branch labor organization engaged in an industry affecting commerce within the meaning of sections 3(I), 3(j), and 401(b) of the Act, 29 U.S.C. §§ 402(I), 402(j), and 481(b).

7.   Defendant, purporting to act pursuant to its bylaws, conducted an election on December 5, 2006. The election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

8.   By letter dated December 14, 2006, to Defendant's

- 3 -

Executive Board, Manuel Perez ("Complainant"), a member in good standing of Defendant protested the Defendant's December 5, 2006 election.

9.    Having invoked the available remedies without receiving a final decision within three calendar months after invocation, the Complainant filed a timely complaint received by the Secretary of Labor on April 18, 2007, in accordance with section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

10.   By letter the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's election be extended to July 20, 2007.

11.   Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of the Defendant's December 5, 2006 election and that the violations had not been remedied at the time of the institution of this action.

12.   Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of its aforesaid election when it failed to mail a notice of election to members at their last known address.

13.   Defendant violated section 401(e) of the Act, 29 U.S.C.

- 4 -

§ 481(e), during the conduct of its aforesaid election by failing to conduct its December 5, 2006 election in accordance with its Constitution and bylaws when it--

(a)   failed to publish a nomination and election notice in the National Association of Letter Carriers *Postal Record*;

(b)   failed to mail an election notice to all its members; and

(c)   conducted a second tally that included at least seven late ballots three days after the first Tuesday in December.

14.   Defendant violated section 401(c) of the Act, 29 U.S.C. § 481(c), by failing to provide adequate safeguards to insure a fair election when it:

(a)   allowed seven additional ballots to be counted after the December 5, 2006 tally; and

(b)   failed to provide proper voting instructions on the ballot; and

(c)   counted eight ballots that were returned in return ballot envelopes that contained none of the required identifying information to insure voter eligibility.

15.   The violations of section 401(c) and section 401(e) of the Act, 29 U.S.C. §§ 481(c) and 481(e), found and alleged above may have affected the outcome of the Defendant's December 5, 2006, election for the offices of President, Vice President, Recording Secretary, Treasurer, three Trustees, Health Benefits

- 5 -

Officer, and Sergeant-at-Arms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment--

(a)  declaring the Defendant's election for the offices of President, Vice President, Recording Secretary, Treasurer, three Trustees, Health Benefits Officer, and Sergeant-at-Arms to be null and void;

(b)  directing Defendant to conduct a new election for those offices, under the supervision of the Department of Labor;

(c)  for the costs of this action, and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

Chuck Rosenberg
United States Attorney

By:

Gerard J. Mene
Assistant United States Attorney
Counsel for plaintiff
2100 Jamieson Avenue
Alexandria, Virginia  22314
Telephone: (703) 299-3777
Fax: (703) 299-3983
Email: Gerard.Mene@usdoj.gov

Of Counsel:

U.S. Department of Labor

JONATHAN L. SNARE
Acting Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

- 6 -

CATHERINE MURPHY
Regional Solicitor

SHARON E. HANLEY
Counsel for Labor-Management Programs

FREDERICK BOWEN
Attorney